## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 1-22-cv-12084-ADB

_____
                                                            )
BECK BODE, LLC                                )
                                                            )
          Plaintiff,                                 )
                                                            )
v.                                                         )
                                                            )
CAROLANN BROWN                          )
                                                            )
          Defendant.                              )
_____)

## REPLY TO COUNTERCLAIM

Plaintiff and Defendant-in-Counterclaim Beck bode, LLC ("Beck Bode") responds to the

counterclaim of Defendant and Plaintiff-in-Counterclaim Carolann Brown ("Brown") as follows:

### I.   Parties

1.      Upon information and belief, admitted.

2.      Admitted.

3.      Paragraph 3 of the counterclaim states a conclusion of law to which no response is

required.

### II.      Material Facts

4.      Beck Bode is without sufficient knowledge or information so as to form a belief

as to the truth of the allegations contained in paragraph 4.

5.      Upon information and belief, admitted.

6.      Beck Bode is without sufficient knowledge or information so as to form a belief

as to the truth of the allegations contained in paragraph 6.

7.     Beck Bode is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in paragraph 7.

8.     Beck Bode is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in paragraph 8.

9.     Beck Bode is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in paragraph 9.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Beck Bode denies that the parties entered into the agreement for the reasons stated in the prior paragraphs. Otherwise, admitted.

17.    The agreement, read as a whole, speaks for itself.

18.    The agreement, read as a whole, speaks for itself.

19.    Denied.

20.    Beck Bode admits that it provided an Investment Advisory Agreement which Brown could furnish to clients. The agreement, read as a whole, speaks for itself.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Beck Bode states that the agreement, read as a whole, speaks for itself. Otherwise, denied.

32.     Denied. In further answering, Beck Bode states that it had not such obligation.

33.     Denied. In further answering, Beck Bode states that it had not such obligation.

34.     Beck Bode denies the existence of the issues alleged. Beck Bode is without sufficient knowledge or information so as to form a belief as to the truth of the remainder of the allegations contained in paragraph 34.

35.     Beck Bode is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in paragraph 35.

36.     Admitted that there were discussions. Otherwise, denied.

37.     Beck Bode admits that a meeting took place, but denies that this was the first discussion on this topic.

38.     Denied. In further answering, Beck Bode states that these agreements were negotiated over a period of time by the parties and their attorneys.

39.     Denied.

40.     Denied.

41.     Denied.

42.     The agreement, read as a whole, speaks for itself.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Admitted.

57.     The agreement, read as a whole, speaks for itself.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied. In further answering, Beck Bode denies that it had any such obligation.

64.     Denied.

65.      Denied, except that Beck Bode admits that Mr. Savio, as Beck Bode's Director of Operations, did have some responsibility with respect to the transfer of clients to Beck Bode.

66.      Denied.

67.      Denied.

68.      Denied.

69.      Denied.

70.      Denied.

71.      Denied.

72.      Denied.

73.      Admitted.

74.      Admitted.

75.      Denied.

76.      Denied.

77.      Denied.

78.      Beck Bode admits that it or its counsel received said letters, but denies the truth of the allegations contained in the letters. In further answering, Beck Bode states that the letters, read as a whole, speak for themselves.

79.      Denied.

80.      Denied.

81.      Denied.

82.      Denied.

83.      Denied.

84.      Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Beck Bode is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 88.

89.    Beck Bode denies that the Succession Agreement is not valid or is otherwise terminable. Beck Bode admits that it made payments to Brown under the terms of the agreement.

90.    Admitted.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Beck Bode admits that inquiries were made concerning the calculation of amounts due under this Succession Agreement. Otherwise, denied.

96.    Denied.

### III. Claims for Relief
### Count One
### Fraud

97.    Beck Bode repeats and realleges each and every response made to the allegations contained in paragraphs 1-96 as if fully set forth herein.

98. Denied.

### Count Two
### Material Misrepresentation

99.    Beck Bode repeats and realleges each and every response made to the allegations contained in paragraphs 1-98 as if fully set forth herein.

100.    Denied.

### Count Three
### Breach and Material Breach of Contract

101.    Beck Bode repeats and realleges each and every response made to the allegations contained in paragraphs 1-100 as if fully set forth herein.

102.    Denied.

### Count Four
### Tortious Interference with Business Relations

103.    Beck Bode repeats and realleges each and every response made to the allegations contained in paragraphs 1-102 as if fully set forth herein.

104.    Denied.

### Count Five
### The Massachusetts Consumer Protection Act, M.G.L. 93A, et seq.

105.    Beck Bode repeats and realleges each and every response made to the allegations contained in paragraphs 1-104 as if fully set forth herein.

106.    Denied.

### Count Six
### Breach of Fiduciary Duties

107.    Beck Bode repeats and realleges each and every response made to the allegations contained in paragraphs 1-106 as if fully set forth herein.

108.    Denied.

### Count Seven
### M.G.L. c. 151 Sections 1 & 7

109.    Beck Bode repeats and realleges each and every response made to the allegations contained in paragraphs 1-108 as if fully set forth herein.

110.    Paragraph 110 states a conclusion of law to which no response is required. To the extent that a response is required, denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Beck Bode denies that it has violated the Massachusetts Minimum Wage Act.

### Count Eight
### M.G.L. c. 149 Sections 148 & 150

115.    Beck Bode repeats and realleges each and every response made to the allegations contained in paragraphs 1-114 as if fully set forth herein.

116.    Paragraph 116 states a conclusion of law to which no response is required. To the extent that a response is required, denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Beck Bode denies that it has violated the Massachusetts Wage Payment Act.

## Count Nine
## Violation of the FLSA

122.    Beck Bode repeats and realleges each and every response made to the allegations contained in paragraphs 1-121 as if fully set forth herein.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Beck Bode denies that it has violated the FLSA's minimum wage payment requirements.

## Count Ten
## Unlawful Retaliation\Termination-Massachusetts Law

129.    Beck Bode repeats and realleges each and every response made to the allegations contained in paragraphs 1-128 as if fully set forth herein.

130.    Paragraph 130 states a conclusion of law to which no response is required. In further answering, Beck Bode states that this statute, read as a whole, speaks for itself.

131.    Denied.

132.    Denied.

## Count Eleven
## UNLAWFUL RETALIATION\TERMINATION-FLSA

133.    Beck Bode he repeats and realleges each and every response made to the allegations contained in paragraphs 1-132 as if fully set forth herein.

134.     Paragraph 134 states a conclusion of law to which no response is required. In further answering, Beck Bode states that the statute, read as a whole, speaks for itself.

135.     Denied.

136.     Denied.

## FIRST AFFIRMATIVE DEFENSE

The claims asserted in the counterclaim should be dismissed on the ground that they fail to state a claim as to which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Brown's claims are barred by her own words and deeds.

## THIRD AFFIRMATIVE DEFENSE

Brown is estopped from asserting these claims.

## FOURTH AFFIRMATIVE DEFENSE

Brown's claims are barred by condition precedent.

## FIFTH AFFIRMATIVE DEFENSE

Brown's claims are barred in whole or in part on the ground of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Brown's claims are barred in whole or in part on the ground of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

Brown's claims are barred in whole or in part on the ground of failure to mitigate her damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

Brown's claims are barred by her breaches of her fiduciary duties to Beck Bode.

## NINTH AFFIRMATIVE DEFENSE

If Beck Bode owes Brown anything, which Beck Bode denies, the amounts owed by Brown to Beck Bode exceeds the amounts owed to Brown.

## TENTH AFFIRMATIVE DEFENSE

Brown's claims are barred by prior breaches of the parties' agreements.

## ELEVENTH AFFIRMATIVE DEFENSE

Brown's claims under M.G.L. c. 93A fail because they are disputes between members of the same business enterprise and do not arise in the context of a commercial market transaction.

WHEREFORE, Beck Bode, LLC prays that this Court:

a. Dismiss the Counterclaim and enter judgment in its favor on all counts of the Counterclaim;

b. Award Beck Bode costs and attorney's fees; and

c. Order such other and further relief as this Court deems just and proper.

## JURY DEMAND

BECK BODE DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

Beck Bode, LLC

By its attorneys:

/s/ J. Allen Holland, Jr.
J. Allen Holland, Jr. (BBO# 6546892)
David Glod (BBO# 676859)
Ashley Berger (BBO #703216)
Rich May, P.C.
176 Federal Street, 6th Floor
Boston, MA 02110
(617) 556-3879
jaholland@richmaylaw.com
dglod@richmaylaw.com
aberger@richmaylaw.com

## **CERTIFICATION**

I hereby certify that, on this 23rd day of January, 2023, the within document was electronically filed and served through the Court's Electronic Filing System and is available for viewing and/or downloading from the electronic filing system.

/s/ J. Allen Holland, Jr.
J. Allen Holland, Jr.